NATHAN SIMON, respondent,

*v.*

MARIA ROMANO CALABRESE et al., defendants, and MICHAEL CALABRESE, ancillary administrator of the estate of Peitro Calabrese, deceased, appellant.

[Submitted October term, 1946.   Decided January 17th, 1947.]

*Mr. Horace S. Bellfatto,* for the appellant.

*Mr. Aaron Heller,* for the respondent.

The opinion of the court was delivered by

BODINE, J.

This case is an appeal from an order vacating a rule to show cause why a foreclosure decree should not be set aside and the sale thereunder held void.   We think it should have been so decided.

The mortgage foreclosed was assigned to the Boiling Springs Building and Loan Association on premises situate at 180 Westervelt Place, Lodi, New Jersey.   Upon the premises was a mortgage held by the appellant's predecessor in title.   This mortgage was subordinated to the building and loan mortgage.   Thereafter, the second mortgagee died, a resident of New York.   He was the father of the appellant, who thereafter qualified as administrator.   He inquired from

the Boiling Springs Building and Loan Association as to the condition of the first mortgage. He demanded of the owner of the premises that payment of the second mortgage be made. He inquired again in April of 1942, and was informed that the mortgage was being reduced. He was satisfied to wait for his money. When the building and loan mortgage was assigned, there was due thereon the sum of $1,368.54. Thereafter, further advances are said to have been made to the mortgagor. The decree was for something more than $3,500. The appellant sought to have the decree of foreclosure vacated and the sale set aside because of lack of notice to him of the foreclosure proceedings whereby his mortgage was vitiated.

Since the appellant was a non-resident of this state, the clerk in Chancery, pursuant to rule 23 of the Prerogative Court, was appointed administrator *ad prosequendum* of the estate of the appellant's deceased father, the owner of the second mortgage. The rule of the Prerogative Court directs that due inquiry shall be made for the non-resident's address. The two letters which were mailed to the appellant were addressed to 333 East 57th Street, New York, when his address was in fact 333 East 56th Street. Needless to say, the letters were returned to the sender.

There was no inquiry for the address of the second mortgagee directed to the owner of the premises or to the Building and Loan Association. Obviously, the present appellant had no notice whatever of the foreclosure proceedings, and his interest in the premises was unlawfully disturbed without any process of law whatever.

The law controlling requires no repetition, and is set forth in the exhaustive opinion of Mr. Justice Heher in *Hinners* v. *Banville, 114 N. J. Eq. 348.*

It is argued that the appellant is in laches. The doctrine cannot be extended under the circumstances in this particular case. The sale took place January 10th, 1945, and appellant's petition was filed in the Court of Chancery on November 8th, 1945. Assuming, but not deciding, that upon his father's death appellant should have applied for administration in this state, still that circumstance does not excuse the

lack of all constructive inquiry as to his whereabouts in order to make substituted process effective.

The result of the foreclosure proceeding was that by increasing the amount due on the first mortgage, the interest of the second mortgagee was defeated for the benefit of the daughter of the former owner of the premises, who now has a contract to purchase, and this without any notice whatever to the legal representative of the second mortgagee.

The order under appeal is reversed to the end that the decree of foreclosure and the sale held thereunder may be set aside and proofs taken, to the end that the facts and law of the case may be properly settled. The appellant will be allowed costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Bodine, Donges, Heher, Perskie, Colie, Wachenfeld, Eastwood, Wells, Rafferty, Dill, Freund, McGeehan, McLean, JJ. 15.